UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

LINDA KHOURY,                                          CASE NO.  07-61449-CIV-DIMITROULEAS

      Plaintiff,

vs.

DAVID FERNANDEZ,

      Defendant.
_____/

## ORDER GRANTING MOTION TO DISMISS SECOND AMENDED COMPLAINT

THIS CAUSE is before the Court upon Defendant's Motion to Dismiss Plaintiff's Second Amended Complaint, filed herein on March 7, 2008. [DE-18].  The Court has carefully considered the Motion, Plaintiff's Response [DE-24], and Defendant's Reply [DE-29], and is otherwise fully advised in the premises.

### I.  BACKGROUND

Plaintiff originally filed this action on October 10, 2007, alleging the use of excessive force by Defendant David Fernandez, a Broward County Sheriff's Officer, in violation of 42 U.S.C. § 1983.  Subsequently, on November 26, 2007 Plaintiff filed an Amended Complaint [DE-6], in which she alleged that she was arrested and improperly tasered by the Defendant on October 12, 2003.  Defendant filed a Motion to Dismiss on December 10, 2007 [DE-8], which this Court granted on February 13, 2008 [DE-16].  In granting the Motion, the Court indicated that Defendant was entitled to qualified immunity and that Plaintiff's conclusory allegations did not satisfy the heightened pleading requirement in this excessive force case.  However, the Court granted leave for Plaintiff to file a Second Amended Complaint, which she did on February 26,

1

2008. [DE-17].  Defendant then filed the instant Motion to Dismiss on March 7, 2008.

In the Second Amended Complaint ("Complaint"), Plaintiff again brings an action against Defendant, pursuant to Section 1983, for acts committed on October 12, 2003 by Defendant, while acting under color of state law.  The Complaint again indicates that Defendant was involved in the stop and arrest of Plaintiff for allegedly leaving the scene of an accident.  The Complaint alleges that while Plaintiff was under the exclusive care, custody, and control of law enforcement, Defendant allowed another law enforcement officer to taser Plaintiff, causing her pain and suffering.  Plaintiff alleges this constitutes a failure of Defendant to protect Plaintiff from improper and excessive force.

## II.  DISCUSSION

### A.  Motion to Dismiss Standard

To adequately plead a claim for relief, Federal Rule of Civil Procedure 8(a)(2) requires "a short and plain statement of the claim showing that the pleader is entitled to relief," in order to "give the defendant fair notice of what the . . . claim is and the grounds upon which it rests." Conley v. Gibson, 355 U.S. 41, 47 (1957).  Under Federal Rule of Civil Procedure 12(b)(6), a motion to dismiss should be granted only if the plaintiff is unable to articulate enough facts "to raise a right to relief above the speculative level." Bell Atl. Corp. v. Twombly, 127 S. Ct. 1955 (2007) (abrogating Conley v. Gibson, 355 U.S. 41 (1957)).  The allegations of the claim must be taken as true and must be read to include any theory on which the plaintiff may recover.  See Linder v. Portocarrero, 963 F.2d 332, 334-36 (11th Cir. 1992) (citing Robertson v. Johnston, 376 F.2d 43 (5th Cir. 1967)).  Once a claim has been stated adequately, it may be supported by showing any set of facts consistent with the allegations in the complaint, and "a district court

weighing a motion to dismiss asks 'not whether a plaintiff will ultimately prevail but whether the claimant is entitled to offer evidence to support the claims.'" Id. at n.8 (quoting Scheuer v. Rhodes, 416 U.S. 232, 236 (1974)).

However, when, as in the instant action, a § 1983 action is brought against an individual government official asserting qualified immunity, there is a heightened pleading standard. GJR Investments, Inc. v. County of Escambia, 132 F.3d 1359, 1368 (11th Cir. 1998) ("[a]lthough the Supreme Court has held that courts may not impose heightened pleading requirement in § 1983 cases involving municipalities . . . the Court specifically declined to extend its holding to cases involving individual government officials . . . and we likewise decline to do so here." ); see e.g., Washington v. Bauer, 149 Fed. Appx. 867, 870 (11th Cir. 2005) ("there is a heightened pleading requirement when a plaintiff brings § 1983 complaint against officials acting in their individual capacities"); Dalrymple v. Reno, 334 F.3d 991, 996 (11th Cir. 2003) ("[W]e must keep in mind the heightened pleading requirements for civil rights cases, especially those involving the defense of qualified immunity."); Gonzalez v. Reno, 325 F.3d 1228, 1235 (11th Cir. 2003); Laurie v. Ala. Court of Criminal Appeals, 256 F.3d 1266, 1276 (11th Cir. 2001) (acknowledging that "[h]eightened pleading is the law of this circuit").

**B. Qualified Immunity**

"Qualified immunity insulates government officials from personal liability [under § 1983] for actions taken pursuant to their discretionary authority." Waldrop v. Evans, 871 F.2d 1030, 1032 (11th Cir. 1989). Qualified immunity is an entitlement not to stand trial or face the burden of litigation rather than a mere defense to liability. McClish v. Nugent, 483 F. 3d 1231, 1237 (11th Cir. 2007); Gonzalez, 325 F. 3d at 1234. Therefore, it is important for the Court to

ascertain the validity of a qualified immunity defense as early as possible in the lawsuit. Durruthy v. Pastor, 351 F. 3d 1080, 1087 (11th Cir. 2003), cert. denied, 543 U.S. 917 (2004). To be entitled to immunity, the government official must first demonstrate that he was acting within the scope of his discretionary authority. Id. Upon that showing, the burden then shifts to the plaintiff to demonstrate that 1) the conduct violated a constitutional right and 2) the right was clearly established. Id.; see also, Storck v. City of Coral Springs, 354 F.3d 1307, 1314 (11th Cir. 2003) ("If reasonable public officials could differ on the lawfulness of a defendant's actions, the defendant is entitled to qualified immunity.") (citing Hunter v. Bryant, 502 U.S. 224, 228 (1991)); Evans v. Hightower, 117 F. 3d 1318, 1320 (11th Cir. 1997) ("If the defendant meets this burden, the plaintiff must then demonstrate that the defendant violated clearly established law based upon objective standards." ) (citing Hartsfield v. Lemacks, 50 F. 3d 950, 953 (11th Cir. 1995)). Whether a public officer is entitled to qualified immunity depends on the specific details of the case, and is a question of law for the court. Tapley v. Collins, 211 F. 3d 1210, 1215 (11th Cir. 2000).

The defendant government official must meet the first step by demonstrating objective circumstances that would lead to the conclusion that his actions were undertaken during the performance of his duties and within his scope of authority. Hutton v. Strickland, 919 F.2d 1531, 1537 (11th Cir.1990) (quoting Rich v. Dollar, 841 F.2d 1558, 1564 (11th Cir. 1998)); Jordan v. Doe, 38 F.3d 1559, 1566 (11th Cir. 1994). A court's inquiry is two-fold as to this demonstration by the defendant. Holloman ex rel. Holloman v. Harland, 370 F. 3d 1252, 1265-66 (11th Cir. 2004) reh'g denied, 116 F. Appx. 254 (11th Cir. July 21, 2004). First, the court must determine whether the government official was performing a legitimate job-related function. Id. Second,

the court examines whether the government official was acting according to means that were within his power.  Id.  Under this standard, Fernandez, as a matter of law, was undoubtedly engaged in a legitimate job-related function when he arrested the Plaintiff and was acting with means that were within his power to utilize.  Thus, Fernandez was within the scope of his discretionary authority and meets the first step under qualified immunity.

As for the second step, Plaintiff has not demonstrated that in affecting the arrest of Plaintiff and failing to intervene when a law enforcement official was tasering her, Defendant violated clearly established law.  As the Court noted in its previous Order Dismissing the First Amended Complaint, in Draper v. Reynolds, the Eleventh Circuit held that a single use of a taser causing a one-time shock to a hostile, belligerent and uncooperative arrestee in order to effectuate an arrest was not an excessive use of force.  Draper v. Reynolds, 369 F. 3d 1270 (11th Cir.) cert. denied, 543 U.S. 988 (2004).  Furthermore, Plaintiff has made no showing that Defendant was in a position to intervene at the moment of the tasering.  See Ensley v. Soper, 142 F.3d 1402, 1407 (11th Cir. 1998) (indicating that for an officer to be liable for failing to intervene, he must have refused or failed to intervene to stop a constitutional violation, and the officer must be in a position to intervene); Yang v. Hardin, 37 F.3d 282, 285 (7th Cir. 1994) (officer only liable under section 1983 for failing to intervene if he had reason to know constitutional violation being committed and had "realistic opportunity to intervene").  Plaintiff has yet again only asserted bare and conclusory statements in the Complaint and her Response to the Motion to Dismiss adds little to those statements.  Thus, Plaintiff has not met her burden under the qualified immunity analysis.

Furthermore, Plaintiff has yet again failed to meet the heightened pleading requirement

imposed in a section 1983 case against individual defendants entitled to qualified immunity. GJR, Inc. v. County of Escambia, Fla., 132 F. 3d 1359, 1367 (11th Cir. 1998).  Plaintiff has again asserted only bare conclusions that are insufficient to satisfy that high standard.  Dukes v. Miami-Dade County, 232 Fed. Appx. 907, 912 (11th Cir. 2007).

Finally, as this is Plaintiff's third attempt at forming a valid Complaint and the second granting of a motion to dismiss, the Court does not find that granting leave to file an amended complaint is warranted under the circumstances.  The decision whether to grant leave to amend is within the sole discretion of the district court, and "leave to amend shall be freely given when justice so requires."  Fed. R. Civ. P. 15(a); see also Halliburton & Assoc. v. Henderson, Few & Co., 774 F.2d 441, 443 (11th Cir. 1985).  However, a district court need not allow an amendment to a complaint where there has been a "repeated failure to cure deficiencies by amendments previously allowed."  Bryant v. Dupree, 252 F.3d 1161, 1163 (11th Cir. 2001).

### III.  CONCLUSION

Accordingly, for the aforementioned reasons, it is **ORDERED AND ADJUDGED** as follows:

1) Defendant's Motion to Dismiss Plaintiff's Second Amended Complaint [DE-18] is hereby **GRANTED**.

2) The above-styled action is hereby **DISMISSED**.

3) The Clerk shall deny any pending motions as moot.

4) The Clerk shall close this case.

**DONE AND ORDERED** in Chambers at Fort Lauderdale, Broward County, Florida, this 21st day of April, 2008.

WILLIAM P. DIMITROULEAS
United States District Judge

Copies furnished to:

Stephen Finta, Esquire
Alain E. Boileau, Esquire